**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SAMMY DALE RABOURN,** | § § § | |
| **Plaintiff,** | § § § | **CIVIL ACTION NO.  6:21-CV-00157-JCB** |
| **v.** | § § § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § § § § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff Sammy Rabourn's amended application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 26.) No response in opposition has been filed. Upon consideration, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 26) be **GRANTED** as set forth herein.

**BACKGROUND**

On April 8, 2019, Plaintiff filed a Title II application for a period of disability and disability insurance alleging a disability beginning January 28, 2019.  (Transcript ("Tr.") at 62.)  The claim was initially denied on May 3, 2019. *Id.*  The claim was denied upon reconsideration on September 27, 2019. (Tr. at 73.) The ALJ held a telephonic hearing on September 19, 2020. (Tr. at 28–61.) The ALJ denied the claim on November 24, 2020. (Tr. at 10–20.)  On February 19, 2021, the Appeals Council denied a request for review.  (Tr. at 1–3.)  Therefore, the ALJ's decision became the Commissioner's decision. *Sims v. Apfel*, 530 U.S. 103, 106–7 (2000). Plaintiff then brought

1

this action seeking judicial review pursuant to Section 205(g) of the Social Security Act. 42 U.S.C. § 405(g). (Doc. No. 1.)

On February 2, 2022, the undersigned issued a report and recommendation recommending that the decision of the Commissioner be reversed and remanded. (Doc. No. 19.)  On February 22, 2022, the court accepted the report and recommendation, and pursuant to sentence four of 42 U.S.C. §405(g), this action was reversed and remanded to the Commissioner and final judgment was entered. (Doc. Nos. 20, 21.) Thereafter, on March 23, 2022, Plaintiff filed an application for fees pursuant to the EAJA. (Doc. No. 24.) The court denied the application as premature without prejudice to refiling. (Doc. No. 25.) On April 29, 2022, Plaintiff filed the instant amended application for EAJA fees. (Doc. No. 26.) No response in opposition has been filed. The application has been referred to undersigned.

## LEGAL STANDARD

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean*, 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

## DISCUSSION

Here, as an initial matter, the court notes the Commissioner did not file a response in opposition to Plaintiff's application for EAJA fees. Local Rule 7(e) provides that "[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." L.R.-CV 7(e). More than 14 days have passed since the Commissioner was served with Plaintiff's application for fees on April 29, 2022, and no response in opposition has been filed, nor has any extension been requested. Local Rule 7(d) provides that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." L.R. CV-7(d). Therefore, the court presumes the Commissioner has no opposition to Plaintiff's requested fees.

The court finds that an EAJA award is appropriate in this case as Plaintiff was the prevailing party in this action (Doc. No. 21), there is no evidence to suggest the Commissioner's position was substantially justified, and Plaintiff timely filed a fee application. Specifically, Plaintiff timely filed her fee application on the sixty-sixth day from the court's entry of final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing § 2412(d)(2)(G)) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *see also* Fed. R. App. Pro. 4(a)(1)(B)(iii) ("[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is … a United States officer or employee sued in an official capacity.") Here, because one of the parties is a United States officer sued in his official capacity as Commissioner of the Social

Security Administration, the parties had 60 days from the court's entry of final judgment to file a notice of appeal—the point at which the court's entry of final judgment would become a nonappealable "final judgment" for EAJA filing purposes. § 2412(d)(2)(G). Plaintiff had 30 days thereafter to file her application, *see* § 2412(d)(1)(B), and Plaintiff's application filed on April 29, 2022, was therefore timely filed for EAJA purposes.

Having found that an EAJA fee award is appropriate, the court turns to the amount of fees requested. Here, Plaintiff requests an EAJA fee in the amount of $5022.53 for 15.9 hours at a rate of $206.70 per hour in 2021 and 7 hours of time in 2022 at $217.00 per hour for work performed on this case in 2022. (Doc. No. 26.) As to the hourly rate, Plaintiff argues for a cost-of-living-adjustment calculated for 2021 and 2022 since the last EAJA reenactment in March 1996. (Doc. No. 26, at 7.) Plaintiff attaches the Consumer Price Index-All Urban Consumers for the South Size Class B/C in support of the cost-of-living adjustment. (Doc. No. 26-1.) The court finds an annual approach for computing the cost-of-living adjustment follows Fifth Circuit precedent. *Perales v. Casillas*, 950 F.2d 1066, 1074–79 (5th Cir. 1992) (finding cost-of-living adjustment should be applied on an annual basis under the EAJA); *see also Cunningham v. Comm'r Soc. Soc. Admin*., No. 9:10-cv-148, 2013 WL 3337293, at *2 (E.D. Tex. July 1, 2013). The Consumer Price Index ("CPI") for all urban consumers for the South Class Size B/C lists the annual rate of 165.362 for 2021, with no annual report for 2022 yet. (Doc. No. 26-1.)  Thus, the appropriate 2021 hourly rate adjusted for cost-of-living is found by subtracting the 1996 March cost of living factor, 100.0, from the 2021 annual cost-of-living factor, 165.362, totaling a difference of 65.362. This difference is then divided by 100, resulting in a quotient of 0.6536, or a 65.36% increase in the cost-of-living. Multiplying 1.6536 by the original $125 maximum from 28 U.S.C. § 2412(d)(2)(A) yields a product of $206.70. As such, the court finds the adjusted rate of $206.70 for 2021 to be

reasonable. Because no annual or even half rate have been reported for 2022, the court finds it appropriate to apply the 2021 annual rate to the few hours worked in early 2022, including work on this petition.

As to the number of hours worked, Plaintiff's counsel has submitted a declaration of hours worked as well as an itemized billing ledger with descriptions of the work performed and the corresponding hours. (Doc. No. 26-1, at 3–5.) Having reviewed these submissions, the court does not find the total of 22.90 hours worked in connection with this matter in 2021 and 2022 to be unreasonable. Thus, the court finds an appropriate EAJA fee amount in this case to be 22.90 hours expended x $206.70 hourly rate, totaling $4,733.43.

## CONCLUSION

For the reasons stated herein, the court finds a reasonable fee award for the hours worked in this case is $4,733.43. Accordingly, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 26) be **GRANTED** as set forth herein. The Commissioner shall pay to Plaintiff the sum of $4,733.43 by making the payment payable to Plaintiff and sending the payment to Plaintiff's counsel.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 16th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE